IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              CASE NO. 1:06-cr-00029-MP-AK

PETER A ANTON,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on the Mandate of the United States Court of Appeals for the Eleventh Circuit. Doc. 228. The Eleventh Circuit ruled that the undersigned had failed during sentencing to rule on two objections made by Defendant to his Pre-sentence Investigation Report. The Eleventh Circuit summarized Mr. Anton's two objections as follows. First the panel described his "collecting firearms" objection with this language:

> Anton next argues that he was entitled to an offense-level reduction for being a firearms collector because the only evidence on this matter was his unrebutted testimony that his firearms were used solely for sporting collection purposes.

Next, the Eleventh Circuit described his acceptance of responsibility objection with this language:

> Anton further argues that he also deserved an acceptance of responsibility offense-level reduction because he timely pled guilty and fully admitted to the charged conduct.

At the end of the Mandate, the Eleventh Circuit set out the contours of the undersigned's task upon remand:

> Therefore, because the district court improperly failed to rule on Anton's arguments concerning acceptance of responsibility and collecting firearms

sentence reductions, it violated Rule 32(i)(3)(B). Accordingly, we vacate and remand the district court's decision on this issue.

We note that this is a limited remand so that the district court can comply with the requirements of Rule 32(i)(3)(B). If the district court on further consideration decides that either reduction is merited, it should consult the amended guideline range and resentence Anton.

Doc. 228, p. 9 on the Mandate, p. 11 of the docket entry.

Fed. R. Crim. P. 32(i)(3)(B) provides that the sentencing Court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." In order to comply with the Mandate and this Rule, the Court held an in-court hearing on February 26, 2010. Having reviewed the record in this case, and having heard the testimony and reviewed the evidence at the hearings in this case, the Court now rules that neither reduction is appropriate.

We begin with the requested reduction for felons who solely possess guns for sporting or collection purposes. Under United States Sentencing Guidelines § 2K2.1(b)(2),

> If the defendant, other than a defendant subject to subsection (a)(1), (a)(2), (a)(3), (a)(4), or (a)(5), possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6.

The Application Notes to that sections state,

> Under subsection (b)(2), "lawful sporting purposes or collection" as determined by the surrounding circumstances, provides for a reduction to an offense level of 6. Relevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history.

Here, the evidence at the hearings showed more than just a collector. Mr. Anton frequently attended gun shows where he attempted to sell his guns. Two guns in the travel trailer

used by Defendant to attend gun shows had price tags on them, indicating they were for sale. Moreover, the logs maintained by Mr. Anton, including price, and the argument during the February 26th hearing that Mr. Anton was purchasing large amounts of ammunition with the hopes that the price of such ammunition would go up, show that Mr. Anton was not merely collecting firearms, he was trading and selling firearms and ammunition. Thus, his conduct was not "solely for lawful sporting purposes or collection."

The result reached by the Eleventh Circuit in U.S. v. Caldwell, 431 F.3d 795 (11th Cir. 2005) comports with this conclusion. In Caldwell, a certain gun was owned by the defendant's brother and only used for target practice purposes. The defendant, who often stayed at the residence where the gun had been kept, came across the gun and pawned it. The defendant argued that the gun was owned for solely sporting purposes and so, even though he pawned it, the reduction should apply. The Eleventh Circuit declined, stating, "[W]e conclude that pawning a firearm, whether or not the firearm was owned for sporting purposes, does not meet the plain language of § 2K2.1(b)(2)." Here, the evidence established that Mr. Anton's primary purpose was to buy and sell firearms. Like the Defendant in Caldwell, therefore, he did not possess the firearm solely for sporting or collection purposes. Therefore, the reduction under § 2K2.1(b)(2) is not appropriate.

With regard to the second requested reduction, Guidelines §3E1.1(a), entitled Acceptance of Responsibility, states, "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." According to the Application Notes to this section,

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for

>which he is accountable under §1B1.3 (Relevant Conduct) (see Application Note 1(a)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

In the instant case, Mr. Anton consistently sought to minimize the conduct for which he should be held accountable, specifically the amount of guns which he possessed. Additionally, his conduct -- in attempting to suppress evidence in the case (see Doc. 83), in promising to testify and then reneging, and in continuing to argue that he was a mere collector when in fact he was trading and selling firearms for profit – is inconsistent with an acceptance of responsibility. Thus, the evidence of acceptance of responsibility shown by his eventual guilty plea is outweighed by his other conduct. Accordingly, the reduction for acceptance of responsibility is not appropriate in this case.

In sum, the Court hereby expressly rules upon both of Defendant's objections to the PSI, finding that neither requested reduction is appropriate in this case. Because both have been rejected, resentencing of Defendant is not necessary, and the Amended Judgment and Sentence imposed on January 30, 2009, and filed on February 5, 2009, at Doc. 201, remains in full force and effect.

The Clerk is directed to send a copy of this Order to the United States Court of Appeals for the Eleventh Circuit.

**DONE AND ORDERED** this _11th_ day of March, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 1:06-cr-00029-MP-AK*