IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                  CASE NO. 1:06-cr-29-MP-GRJ

PETER A. ANTON,

_____/

## REPORT AND RECOMMENDATION

     This matter is before the Court on Doc. 236, a motion to vacate pursuant to 28

U.S.C. § 2255.  The motion stems from Defendant's conviction for one count of

possessing firearms as a convicted felon, in violation of 18 U.S.C. §§ 922(g), and

924(a)(2) and 2.  Defendant received a sentence of 56 months imprisonment followed

by three years of supervised release.  Defendant contends his counsel was ineffective

for providing erroneous legal advice to Defendant, which allegedly caused Defendant

not to plead guilty in a timely manner.  The Government has filed a response in

opposition, Doc. 242, and Defendant has filed a reply.  Doc. 243.  Upon due

consideration, and for the following reasons, the undersigned recommends that the

motion to vacate be denied.

## Background

     Defendant was indicted on August 22, 2006 for one count of possessing firearms

as a convicted felon.  (Doc. 1.)  On January 22, 2007, Defendant's counsel filed a

motion to suppress challenging the search warrant and also arguing Defendant was not

a convicted felon under Florida law.  (Doc. 58.)  On February 5, 2007, Defendant's

counsel filed a motion to dismiss for lack of jurisdiction arguing the Court did not

possess jurisdiction over the criminal proceedings against Defendant because he was not a convicted felon under Florida law.  (Doc. 65.)  The Court held a hearing on both motions on February 14, 2007.  (Doc. 74.)  The motion to dismiss was denied that same day and a motion for reconsideration on the denial of the motion to dismiss was filed on February 21, 2007 and denied on February 22, 2007.  (Docs. 76, 77 and 78.)  The motion to suppress was denied on March 22, 2007.  (Doc. 83.)  Another motion to dismiss was filed on March 20, 2007 arguing Defendant was not a convicted felon under Florida law because his civil rights had been restored after he served a state probationary sentence. (Doc. 86.)  The Court held a hearing on this second motion to dismiss on April 5, 2007 and denied the motion that same day.  (Doc. 92.)

Defendant entered a conditional guilty plea on April 5, 2007 in which he reserved the right to appeal the Court's denial of all his pretrial motions, namely his motion to suppress (Doc. 58) and his two motions to dismiss (Docs. 58 and 86).  (Doc. 109.)  On May 22, 2007, the United States Probation Officer filed a Presentence Report and Defendant's counsel filed objections to the Presentence Report on June 25, 2007.  (Docs. 101 and 107.)  On June 29, 2007 Defendant was sentenced to 70 months imprisonment and three years of supervised release.  (Docs. 112 and 123.)  Defendant appealed his conviction and sentence to the Eleventh Circuit.  (Doc. 113.)

On November 7, 2008, the Eleventh Circuit affirmed Defendant's conviction but ordered he be re-sentenced because the Court "committed clear error by improperly calculating Anton's sentencing range based upon unsupported conclusions" that Defendant had possessed over 200 firearms, one of which was allegedly stolen.  (Doc. 188); *U.S. v. Anton*, 546 F.3d 1355, 1359 (11th Cir. 2008).  The Eleventh Circuit also

upheld the denial of all of Defendant's pre-trial motions, noting that the argument advanced by Defendant's counsel that Defendant was not a convicted felon under Florida law was "meritless."   (Doc. 188 at 3-5), *Anton*, 546 F.3d at 1356-57 (noting Defendant had entered a nolo contendere plea to the state grand theft charge in question and the state court then adjudicated Defendant guilty of the charge, which constituted a felony conviction under Florida law).

Defendant was re-sentenced by this Court on January 30, 2009 to 56 months imprisonment followed by three years of supervised release.  (Docs. 199 and 201.) Defendant's counsel then filed another appeal with the Eleventh Circuit.  (Doc. 203.) On November 22, 2009 the Eleventh Circuit again ordered Defendant to be re-sentenced on a limited remand so this Court could further address the issues of whether Defendant should receive sentencing reductions for acceptance of responsibility and for being a firearms collector. (Doc. 228 at 9); *United States v. Anton*, 353 Fed. Appx. 343, 346-47 (11th Cir. 2009)(*per curiam*).  On February 26, 2010 a re-sentencing hearing was conducted and the Court took under advisement the issues of whether Defendant qualified for either of the requested reductions as a firearms collector and for acceptance of responsibility.  (Doc. 232.)  On March 11, 2010, the Court entered an order finding Defendant did not qualify for either sentencing reduction, concluding re-sentencing was unnecessary, and noting the January 30, 2009 sentence of 56 months imprisonment followed by three years of supervised release still stood. (Doc. 233.)

Defendant then filed the instant motion to vacate on August 27, 2010.  (Doc. 236.)  In the motion he alleges his counsel was ineffective for providing erroneous legal

advice to Defendant, which purportedly caused Defendant not to plead guilty in a timely manner.

## Ineffective Assistance of Counsel

Because Defendant raises the issue of counsel's effectiveness, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.  To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  *Strickland*, 466 U.S. at 686.  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.  The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice.  *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).  The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance.  *Strickland*, 466 U.S. at 689-90.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).  This standard is objective, and "it matters not whether the challenged actions of counsel were the product of a

deliberate strategy or mere oversight." *Gordon v. United States*, 496 F.3d 1270, 1281

(11th Cir. 2007). "The relevant question is not what actually motivated counsel, but what

reasonably could have motivated counsel." *Id*. "An ambiguous or silent record is not

sufficient to disprove the strong and continuing presumption . . . that [counsel] did what

he should have done and that he exercised reasonable professional judgment."

*Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc). "The

relevant question is not whether counsel's choices were strategic, but whether they

were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no

"absolute rules" for determining whether counsel's actions were indeed reasonable, as

"[a]bsolute rules would interfere with counsel's independence–which is also

constitutionally protected–and would restrict the wide latitude counsel have in making

tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold

a lawyer's strategy, [the Court] need not attempt to divine the layer's mental processes

underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16. "No lawyer can be

expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other
> reasonable courses of defense (that the lawyer did not think of at all)
> existed and that the lawyer's pursuit of course A was not a deliberate
> choice between course A, course B, and so on. The lawyer's strategy
> was course A. And [the Court's] inquiry is limited to whether this strategy,
> that is, course A, might have been a reasonable one.

*Id*.

        To show prejudice, a defendant must show more than simply that counsel's

unreasonable conduct might have had "some conceivable effect on the outcome of the

proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a

"reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id*. at 694.  A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313.  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted.  *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).

## Discussion

In his motion to vacate, Defendant alleges his counsel was ineffective for providing erroneous legal advice to Defendant, which purportedly caused Defendant not to plead guilty in a timely manner.  Defendant states his counsel persuaded him, against his wishes, to contest Defendant's status as a convicted felon under Florida law through the filing of several pretrial motions.  Defendant states the filing of these motions caused him to lose the downward departure for acceptance of responsibility he would otherwise have received if his counsel had not convinced Defendant to allow counsel to file the motions.

With regard to the sentencing reduction for acceptance of responsibility, United States Sentencing Guidelines § 3E1.1(a), entitled Acceptance of Responsibility, states, "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."   U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a).  According to the Application Notes to this section,

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under §1B1.3 (Relevant Conduct) (see Application Note 1(a)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a) application n. 3.

"The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea." *U.S. v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999).

Defendant has failed to establish ineffective assistance of his counsel. His argument in the motion is completely unsupported by the record. The Court did not refuse to give Defendant the downward departure for acceptance of responsibility solely because Defendant's counsel filed the motions to dismiss challenging Defendant's status as a convicted felon under Florida law. Instead, as the Court noted in its March 11, 2010 order denying the reduction, awarding Defendant the reduction for acceptance of responsibility was inappropriate for other reasons:

> In the instant case, Mr, Anton consistently sought to minimize the conduct for which he should be held accountable, specifically the amount of guns which he possessed. Additionally, his conduct – in attempting to suppress evidence in this case (see Doc. 83), in promising to testify and then reneging, and in continuing to argue that he was a mere collector when in fact he was trading and selling firearms for profit – is inconsistent with an acceptance of responsibility. Thus, the evidence of acceptance of responsibility shown by his eventual guilty plea is outweighed by his other conduct. Accordingly, the reduction for acceptance of responsibility is not appropriate in this case.

(Doc. 233 at 4.)

As the Court has previously pointed out, Defendant never took any responsibility for his actions other than pleading guilty.  Defendant has not pointed to anything other than his conditional guilty plea to support the alleged ineffective assistance claim. While his counsel filed several pre-trial motions arguing Defendant was not a convicted felon under Florida law, the Court's denial of Defendant's request for the downward departure for acceptance of responsibility was not denied because these pre-trial motions were filed.  Instead, Defendant continued to dispute the number of firearms attributable to him and to argue he was a mere collector of firearms.  (Doc. 213 at 28, 57-67.)  Defendant also continued to take issue with his status as a convicted felon under Florida law, specifically stating at his January 30, 2009 re-sentencing hearing that "The fact that in the State of Florida under the laws of the State of Florida I did not believe I was a convicted felon then or now."  (*Id.* at 29.)   As the Court has previously noted, Defendant did not meet the criteria for acceptance of responsibility and, accordingly, his ineffective assistance claim is without merit and the motion to vacate should be **DENIED.**

## Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED:**

That the motion to vacate, Doc. 236, should be **DENIED**, that all pending motions should be terminated and that a certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 16th day of March 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**